IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON TOMICH,<br><br>    Plaintiff,<br><br>v.<br><br>NATIONWIDE MUTUAL INSURANCE COMPANY,<br><br>    Defendant. | Civil Action No. 22-1260<br>Magistrate Judge Maureen P. Kelly<br><br>Re: ECF No. 6 |

## MEMORANDUM OPINION

Plaintiff Jason Tomich ("Tomich") brings this action against Nationwide Mutual Insurance Company ("Nationwide") arising out of the denial of uninsured motorist ("UM") benefits. ECF No. 1-4. Presently before the Court is Nationwide's Motion to Dismiss. ECF No. 6. For the reasons below, the Motion to Dismiss is granted.[1]

### I.   FACTUAL AND PROCEDURAL BACKGROUND

Tomich originally filed this action in the Court of Common Pleas of Allegheny County, Pennsylvania. ECF No. 1-4. On September 1, 2022, Nationwide removed this action to this Court based on diversity jurisdiction. ECF No. 1.

#### A. Plaintiff's Complaint

In his Complaint, Tomich alleges that he was seriously injured in a motor vehicle accident on September 15, 2017. ECF No. 1-4 ¶¶ 5, 12. Tomich was driving his motorcycle southbound on Highway 51 when he was struck by the driver of a 2014 Ford Focus. Id. ¶¶ 5-11.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to having a United States Magistrate Judge conduct all proceedings in this case, including the entry of a final judgment. ECF Nos. 12 and 13.

At the time of the accident, Tomich's motorcycle was insured under a policy of motor vehicle insurance issued by Dairyland Insurance (the "Dairyland policy"). Id. ¶ 15. The other vehicle involved in the accident was not insured. Id. ¶ 14. Tomich does not allege the Dairyland policy provided UM benefits.

In this action, Tomich claims that he is entitled to UM benefits under a policy of motor vehicle insurance issued to his parents by Nationwide (the "Nationwide policy"). Tomich alleges that he is a listed driver and resident relative under the Nationwide policy, which afforded UM benefits with stacking. Id. ¶ 20. Tomich's motorcycle was not an insured vehicle on the Nationwide policy. ECF No. 7-1 at 6.[2]

At the time of the accident, the Nationwide policy, by endorsement, contained the following "household exclusion."

> Bodily injury suffered while occupying a motor vehicle owned by you or a relative but not insured for Uninsured Motorists coverage under this policy; nor to bodily injury from being hit by any such motor vehicle. If you purchased 'Uninsured Motorists-Bodily Injury Stacked' coverage, this exclusion does not apply to bodily injury suffered while occupying or struck by a motor vehicle owned by you or a relative that is insured for Uninsured Motorists coverage under any policy issued by us or any affiliated company.

Id. at 54.

Following the accident, Tomich submitted a demand for the policy limits of the UM coverage available under the Nationwide policy. ECF No. 1-4 ¶ 27. Nationwide denied this claim by letter dated July 26, 2021. Id.

---

[2] Although Tomich does not attach a copy of the Nationwide policy to his Complaint, "'a document integral to or expressly relied upon in the complaint' may be considered 'without converting the motion [to dismiss] into one for summary judgment.'" In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1220 (1st Cir. 1996), *superseded on other grounds*); see also Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) ("[A] court may consider an undisputedly authentic document that a defendant attaches to a motion to dismiss if the plaintiff's claims are based on the document."). Because Tomich's claims arise out of the Nationwide policy, the Court finds that it is appropriate to consider this document in resolving the pending Motion to Dismiss.

Based on Nationwide's denial of coverage, Tomich brings claims for Breach of Contract (Count I) and Bad Faith (Count II). Id. ¶¶ 30-43.

### B. Motion to Dismiss

Nationwide filed this Motion to Dismiss and Brief in Support on September 7, 2022. ECF Nos. 6 and 7. Tomich filed a Response and Brief in Opposition. ECF Nos. 9 and 10. Among other things, Tomich argued that granting the Motion to Dismiss would be premature before the Pennsylvania Supreme Court ruled on a pending appeal in Erie Insurance Exchange v. Mione. ECF No. 10 at 8.

On March 14, 2023, Nationwide filed a Supplemental Reply notifying the Court that the Pennsylvania Supreme Court had recently ruled in Mione, and that this decision further supported its Motion to Dismiss. ECF No. 15 (citing Erie Ins. Exch. v. Mione, --A.3d--, 2023 WL 2008314 (Pa. Feb. 15, 2023)). Although the Court granted Tomich leave to respond to address the Pennsylvania Supreme Court's decision in Mione, he did not file any response. ECF No. 16.

The Motion to Dismiss is now ripe for consideration.

## II. LEGAL STANDARD

In assessing the sufficiency of a complaint pursuant to a motion to dismiss under Rule 12(b)(6), the Court must accept as true all material allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008). The Court, however, need not accept bald assertions or inferences drawn by the plaintiff if they are unsupported by the facts set forth in the complaint. See Cal. Pub. Employees' Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the Court accept legal conclusions set forth as factual allegations. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). Indeed, the United States Supreme Court has held that a complaint is properly dismissed under Rule 12(b)(6) where it does not allege "enough facts to state a claim to relief that is plausible on its face," id. at 570, or where the factual content does not allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see also Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (finding that, under Twombly, "labels, conclusions, and a formulaic recitation of the elements of a cause of action" do not suffice but, rather, the complaint "must allege facts suggestive of [the proscribed] conduct" and that are sufficient "to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s] of his claim").

### III. DISCUSSION

In support of the Motion to Dismiss, Nationwide argues that Tomich is not entitled to UM coverage under the Nationwide policy. Because Tomich's motorcycle was not a listed vehicle under the Nationwide policy and he does not have UM coverage under the Dairyland policy, Nationwide argues that it properly denied coverage based on the household exclusion. ECF No. 7 at 5-9.

In response, Tomich argues that the household exclusion is invalid. While Tomich did not have UM coverage on his motorcycle under the Dairyland policy, he argues, he paid additional premiums for stacking of coverage under the Nationwide policy. Tomich refers the Court to the Pennsylvania Supreme Court's decision in Gallagher v. Geico Indemnity Co., 201 A.3d 131 (Pa. 2019). In that case, the court held that household vehicle exclusions could not be used to work as *de facto* waivers of stacked underinsured motorist coverage. Based on Gallagher, he argues,

Nationwide cannot rely on the household exclusion to preclude UM coverage in this case. ECF No. 10 at 4-9.

Nationwide, on the other hand, argues that Gallagher does not apply because this case does not involve stacking of benefits.[3] Because Tomich waived UM benefits under the Dairyland policy, Nationwide contends that benefits were not being "stacked" on any other UM coverage. ECF No. 7 at 5-8; ECF No. 15 at 1-3 (citing Erie Ins. Exch. v. Mione, 253A.3d 754 (Pa. Super. Ct. 2021), aff'd Erie Ins. Exch. v. Mione, --A.3d--, 2023 WL 2008314 (Pa. Feb. 15, 2023); Dunleavy v. Mid-Century Ins. Co., 460 F. Supp. 3d 602, 605 (W.D. Pa. 2020); Erie Ins. Exch. v. King, 246 A.3d 332 (Pa. Super. 2021)).

Upon review, the Motion to Dismiss is granted. There is no dispute that coverage is precluded under the terms of the household exclusion. While Tomich argues that the household exclusion is invalid under Gallagher, this is incorrect. As the Pennsylvania Supreme Court recently held in Mione, Gallagher does not preclude the application of the household exclusion when, as here, an insured seeks UM or underinsured ("UIM") benefits under a household policy but does not have UM/UIM coverage on the vehicle that he was occupying at the time of the collision. Mione, 2023 WL 2008314, at *5.

In Mione, plaintiff Earl Mione was involved in a motor vehicle accident while operating a motorcycle. The motorcycle was insured under a policy issued by Progressive Insurance Company. Mione had rejected UIM coverage under the Progressive policy. After the at-fault driver's insurance policy paid out the maximum policy benefit, Mione sought UIM benefits under two policies of insurance that he purchased from Erie Insurance ("Erie") to insure other household

---

[3] "The concept of stacking relates to the ability to add coverages from other vehicles and/or different policies to provide a greater amount of coverage available under any one vehicle or policy." Mione, 2023 WL 2008314, at *1 n. 2 (quoting Everhart v. PMA Ins. Grp., 938 A.2d 301, 302 (2007)).

vehicles. The Erie policies included UM/UIM coverage with stacking. The motorcycle was not listed as a covered vehicle on the Erie policies, and the Erie policies each contained a household exclusion. Erie denied UIM coverage for the motorcycle, citing the household exclusion. Erie then filed suit seeking a declaratory judgment that it was not required to pay Mione UIM benefits. Id. at *1-2.

Similar to this case, plaintiffs in Mione argued that the household exclusion was inapplicable based on the holding in Gallagher. The Pennsylvania Supreme Court rejected this argument as follows.

> Here, unlike in Gallagher, the Miones are not attempting to stack anything at all. They have not yet received any UIM benefits, but their theory is that one or both of the household policies can provide UIM coverage *in the first instance*. The problem with that argument is that the policies explicitly exclude UM/UIM coverage for damages sustained while operating an unlisted household vehicle. Those exclusions do not conflict with Section 1738 of the MVFRL. Unlike in Gallagher, the exclusions here do not act as *de facto* waivers of *stacking*. In other words, because the Miones are not attempting to stack UIM benefits from the household policies on top of UIM benefits from the motorcycle policy, Section 1738's rules for waiving stacking—which were the basis for this Court's decision in Gallagher—are simply not implicated.
>
> We reiterate today that the holding in Gallagher was based upon the unique facts before us in that case, and that the decision there should be construed narrowly. The insured in Gallagher was attempting to stack (inter-policy) the coverage limits from his automobile policy on top of the coverage limits for his motorcycle policy. He was also attempting to stack (intra-policy) the coverage limits for each of the two vehicles on his household automobile policy. It was only when confronted with those unique facts that this Court concluded that enforcing the exclusion would be "inconsistent with the unambiguous requirements [of] Section 1738 of the MVFRL[.]"
>
> In contrast, when an insured seeks UM/UIM benefits under a household policy but does not have UM/UIM coverage on the vehicle that he or she was occupying at the time of the collision, it cannot be said that a household vehicle exclusion in the UM/UIM-containing policy is operating as the sort of disguised waiver of *stacking* that was disapproved in Gallagher. Rather, in such circumstances, the household vehicle exclusion serves as an unambiguous preclusion of *all* UM/UIM coverage (even unstacked coverage) for damages sustained while operating an unlisted household vehicle.

6

Id. at *5.

Here, as in Mione, Tomich is not attempting to stack existing coverage but is instead requesting coverage in the first instance under the Nationwide policy. Based on the household exclusion under the Nationwide policy, however, he is not entitled to coverage in the first instance. Because Tomich was not entitled to UM benefits under the Nationwide policy, he does not state a viable claim for breach of coverage or bad-faith denial of coverage. See id.; see also Dunleavy v. Mid-Century Ins. Co., 460 F. Supp. 3d 602, 608 (W.D. Pa. 2020) ("Gallagher does not address, let alone invalidate, the use of the household vehicle exclusion to deny underinsured motorist coverage in the first instance"). Accordingly, the Motion to Dismiss is granted.[4]

## IV.   CONCLUSION

For these reasons, Nationwide's Motion to Dismiss, ECF No. 6, is granted. An appropriate Order will be entered.

Dated: March 24, 2023

BY THE COURT:

_____
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:   All counsel of record via electronic filing.

---

[4] Because leave to amend would be futile for the reasons discussed, Tomich's claims will be dismissed with prejudice. Lontex Corp. v. Nike, Inc., 384 F. Supp. 3d 546, 560 (E.D. Pa. 2019) (dismissal with prejudice is appropriate when leave to amend would be futile).